TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>            Plaintiff,<br><br>    vs.<br><br>Francisco Duray Bell,<br><br>            Defendant. | 24-CR-05616-RM-1<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is scheduled for December 4, 2025, before the Honorable U.S. District Court Judge Rosemary Marquez. The United States agrees with the calculations contained in the Presentence Report (PSR)[1] and recommends a sentence of between 37-46 months incarceration.

The PSR accurately calculates the defendant's total offense level at 27, accounting for enhancements pursuant to USSG §2K2.1(b)(1)(B)[2], USSG §2K2.1(b)(5)(A)[3], USSG

---

[1] The government bases its Sentencing Memorandum on the information provided in the Draft Presentence Report.  The final report is expected while assigned counsel is scheduled to be out of office.  In order to file a timely sentencing memorandum, the government relied on the draft PSR.

[2] Firearm capable of accepting large capacity magazine

[3] Number of firearms

§2K2.1(b)(5)(A)[4], and USSG §2K2.1(b)(6)(A)[5]. (PSR ¶¶ 55-66). The defendant falls into criminal history category I, and his resulting guideline range is 70-87 months incarceration. (PSR p.19). The plea agreement provides the defendant will not receive a sentence higher than the 70-month low end of the guideline range. (PSR ¶ 110).

The PSR recommends a substantial 10-level variance down to 24 months incarceration. The government agrees that some variance is warranted; however, it is not appropriate to drop the defendant more than half the guideline range given the nature of this offense. The government would instead request this Court grant a significantly smaller variance of six levels and sentence the defendant at a level 21 range of between 37-46 months incarceration.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentenced imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

To the defendant's credit, he has no criminal history. He has also performed well on pretrial supervision and maintains steady employment. He expressed remorse for his conduct and is only 25 years old. These are all appropriate considerations in mitigation.

However, the nature of the defendant's criminal act cannot be ignored. The defendant purchased a large number of firearms for a gun trafficking conspiracy. It is apparent based on the amount of known purchases as well as the large number of empty rifle boxes located in stash houses that this organization was responsible for trafficking a

---

[4] Conviction under 18 USC § 933(a)(3)

[5] Knowledge firearms would be transported out of the United States

substantial number of weapons to Mexico. (PSR ⁋ 5). This is a serious offense. Many of these firearms almost certainly have been used to arm drug cartels. The nature of this offense escalates crime, risks lives, and is a danger to communities in both the United States and Mexico.

In addition, this was not a one-time offense. The defendant purchased firearms for this conspiracy on multiple dates. (see PSR ⁋ 42). His phone indicates he was heavily involved in the conspiracy, including recruiting others to help with firearm purchases. (PSR ⁋ 22). Receipts show he was connected to a stash house that contained empty rifle boxes, cash, magazines, body armor and narcotics. (PSR ⁋ 31).

Based on the specifics of this crime and the defendant's history and characteristics, a six-level variance is warranted. The government recommends that the defendant be sentenced at the Level 21 offense range of 37-46 months. This range reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

Respectfully submitted this 25th day of November, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/ *Julie A. Sottosanti*
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
Other means this 25th day of November, 2025, to:

All ECF Participants