**The Law Offices of Nicholas Brereton, PLLC**
One South Church, Ave, Suite 1200
Tucson, AZ 85701
Phone: 520 448-5082
Fax: 520 448-5101
Nicholas W. Brereton, PCC #66685 AZ Bar #031485
nick.nblaw@gmail.com
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>vs.<br><br>Ismael Higuera-Avalos,<br><br>Defendant. | 4:24-cr-05616-RM-JR-2<br><br>**OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT** |

**COMES NOW** the Defendant. and hereby sets forth his objections to the Draft Pre-Sentence Investigation Report distributed on January 13, 2026. (ECF 163). In support thereof, the Defendant submits the following:

Aggravating Role Under USSG § 3B1.1(b)

The Defendant objects to paragraph 60 and page 21 of the Pre-Sentence Investigation Report in which a 3-level enhancement is applied for a 'supervisory role' in a conspiracy involving five or more participants which was otherwise extensive. Mr. Higuera-Avalos' role in this case is substantially similar to co-Defendant Francisco Bell who, upon information and belief, was assessed an 'average role.'

"To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1(b), cmt. n. 2. "The enhancement applies if the sentencing judge finds that the defendant exercised some control over at least one of the other participants in the enterprise." *United States v. Sharma*, 552 F. App'x 693, 694 (9th Cir. 2014), as corrected (Mar. 25, 2014) (citing *United States v. Morgan,* 238 F.3d 1180, 1186–87 (9th Cir.2001)). Recruitment of others alone is not enough to trigger this enhancement; some level of control must be also present. *See United States v. Hernandez*, 952 F.2d 1110, 1119 (9th Cir.1991), petition for cert. filed, (U.S. July 15, 1992) (No. 92–5283).

There is no evidence that Mr. Higuera-Avalos directed or controlled any involved individual's participation or behavior. In fact, co-Defendants Higuera-Avalos and Bell were the two individuals who went back and forth into the gun show to purchase firearms themselves. When questioned by law enforcement, co-Defendant Bell told agents co-Defendant "Martinez coordinated the plan to purchase rifles" and "Higuera-Avalos provided him with the money." (ECF 163 at ¶ 19). Higuera-Avalos told agents he was cousins with co-Defendants Chavez and Martinez and that they had brought co-Defendant Bell with them to the gun show.

Downloads of both Bell and Higuera-Avalos' phones revealed attempts by each to separately solicit other individuals to purchase firearms over several months. No evidence has been disclosed that these attempts were successful or were connected to any actual straw

purchases. No explanation has been provided as to why Bell's recruitment efforts resulted in a different culpability assessment than Higuera-Avalos.

Furthermore, co-Defendants Avalos, Morin, Chavez, and Sotelo appear to have continued to commit offenses related to the charged conspiracy subsequent to the arrest and detention of both Higuera-Avalos and Bell. Mr. Higuera-Avalos is not alleged to have been involved in any trafficking conduct after his arrest on August 4, 2024. The fact that the conspiracy appears to have continued without his 'supervision' undercuts the allegation that this was his role in the offense.

Enhancement Under USSG § 2K2.1(b)(6)(A)

The Defendant objects to paragraph 57 and page 21 of the Pre-Sentence Investigation Report in which a 2-level enhancement is applied for a conviction under 18 U.S.C. § 933(a)(3) pursuant to USSG § 2K2.1(b)(6)(A). The Draft Pre-Sentence report incorrectly refers to the enhancement as being applied under USSG § 2K2.1(b)(5)(A). Including an additional enhancement for conviction under this statute amounts to double-counting as it already factors into the base offense level of 20.

Enhancement Under USSG § 2K2.1(b)(7)(A)

The Defendant objects to paragraph 58 and page 21 of the Pre-Sentence Investigation Report in which a 4-level enhancement is applied due to the allegation that the Defendant knew or had reasonable cause to know that the firearms would be smuggled out of the United States

pursuant to USSG § 2K2.1(b)(7)(A). The Draft Pre-Sentence report incorrectly refers to the enhancement as being applied under USSG § 2K2.1(b)(6)(A).

The basis for the inclusion of this enhancement appears to be a ROI which summarizes a download of the Defendant's cell phone. In that summary the agent notes "multiple conversations dating back to July 4, 2024, regarding purchasing firearms and talking about making money moving firearms when Avalos (the Defendant's cousin) goes to Mexico." The report also references a Facebook Messenger communication on August 1, 2024 wherein the Defendant asked an individual if she "knows anyone 21 and older with no criminal history." The Defendant apparently communicated "that the guns go out of the country" during this conversation. Insufficient evidence has been presented to establish a nexus between the firearm offenses to which the Defendant pleaded guilty and his admitted attempts to solicit individuals with 'clean backgrounds' to purchase firearms that 'go out of the country.'

**RESPECTFULLY SUBMITTED** this 27th day of January, 2026.

LAW OFFICES OF NICHOLAS BRERETON

___________/s/ Nicholas Brereton_________
By: Nicholas W. Brereton, Esq
Attorney for Defendant

Copy of the foregoing served electronically or by other means this 27th day of January, 2026 to:

All ECF Participants