TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | 24-CR-05616-RM-2 |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT** |
| Ismael Higuera-Avalos, | |
| Defendant. | |

The United States of America hereby responds to the defendant's Objections to the Presentence Report.  (Doc. 164).

I.      Aggravating Role USSG § 3B1.1(b)

To determine whether an aggravating role enhancement is appropriate, the Court should consider:

> The exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others… This adjustment does not apply to a defendant who merely suggests committing the offense.

USSG § 3B1.1. A single incident of someone acting under the defendant's direction is sufficient evidence to support an aggravating role enhancement. *United States v. Maldonado*, 2015 F. 3d 1046, 1050 (9th Cir. 2000) (citing *United States v. Beltran*, 165 F.3d 1266, 1271 (9th Cir. 1999)).

The defendant cites *United States v. Hernandez* for the proposition that recruitment is not enough to assess an aggravated role enhancement. 952 F.2d 1110 (9th Cir. 1991). In *Hernandez*, the Ninth Circuit affirmed applying the enhancement based on the defendant's manager role in a counterfeiting scheme where the defendant recruited and hired two illegal aliens, brought them to San Diego, explained to them what to do, transported them occasionally, and essentially explained how the scheme operated. (*Id*. at 1119). The Ninth Circuit has similarly affirmed the enhancement where the defendant's role included recruitment in addition to minimal direction. *United States v. Gamez-Amaro*, 286 Fed. Appx. 999, 1000 (9th Cir. 2008) (unpublished) (co-defendants stated that the defendant recruited them and directed them to assist him with packing marijuana); *United States v. Santos*, 2008 WL 2340355 (Unpublished) (defendant gave stolen mail to another conspiracy member to create counterfeit checks and had helped recruit at least one accomplice).

Here, the defendant provided Bell the money to purchase firearms. (PSR ⁋ 19). The defendant told agents that he searched gun shows at which to make purchases and also that he was responsible for Chavez and Martinez's participation in the August 4th offense. (PSR ⁋ 20). The defendant drove the individuals involved in the August 4th gun show to the location to make the purchases. (PSR ⁋ 16). Bell told agents the firearms were to stay with the defendant, and the defendant himself claimed ownership of the firearms when questioned by agents. (PSR ⁋ 19-20). The defendant's phone download shows that he also recruited other individuals to participate in the conspiracy and specifically informed these individuals the firearms would be going out of the country. (PSR ⁋ 24, 43).

The evidence supports the enhancement. The defendant recruited individuals to

participate in the scheme. He was responsible for searching out the gun show and transporting individuals to and from that show to purchase firearms. The defendant provided a buyer with money to make purchases, and he was transferred the firearms after the purchases. The defendant arranged transportation for the firearms, and phone evidence shows he was involved in the recruitment of other individuals in the overall scheme outside of just the August 4th date. Therefore, the enhancement is supported by the evidence in this case.

II.    Enhancement under USSG § 2K2.1(b)(6)(A)

Defendant claims that the 2-point increase required under USSG §2K2.1(b)(6)(A) if defendant is convicted under 18 USC §933(a)(3) is "double-counting" because the base offense level for a violation of 18 USSG §933 generally is 20. This ignores the plain language of the guidelines. USSG 2K2.1(a)(4)(B) gives a base offense level for multiple crimes, not only §933. However, the guidelines commission specifically carved out a 2-point increase where the conviction falls under §933(a)(3), such as the defendant. USSG § 2K2.1(b)(6)(A). This is not double-counting. If, "it is possible to be sentenced under a particular offense guideline without having engaged in a certain sort of behavior, such behavior may be used to enhance the offense level." *United States v. Roberts*, 814 F. App'x 281 (9th Cir. 2020) (citing *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993). Here, a defendant could be sentenced under (a)(4)(B) without applying the increase under (b)(6)(A) if they were convicted of §922(d), §932 or §933(a)(1). Therefore, there are many ways the guideline applies without triggering the enhancement of (b)(6)(A). For that reason, there can be no double-counting argument.

The language is clear that the commission determined the criminal behavior defined by (a)(3) receives an additional enhancement that does not apply to the other crimes listed in 2K2.1(b)(6)(A). The enhancement applies.

///

///

III.     Enhancement under USSG § 2K2.1(b)(7)(A)

The defendant objects to application of an enhancement pursuant to USSG § 2K2.1(b)(7)(A) because he knew or had reason to believe the firearms would be smuggled out of the United States.  As part of his guilty plea, the defendant admitted the following:

> Ismael Higuera-Avalos agreed with others, including [the co-defendants], to purchase and transfer the firearms, and *did transfer the firearms, knowing or having reasonable cause to believe that the recipient would smuggle the firearms out of the United States* in violation of 18 U.S.C. § 554, a felony offense.  The defendant was aware that smuggling firearms out of the United States is illegal. (emphasis added)

(Doc. 156).

In addition, there is corroborating evidence the defendant was aware the firearms he purchased were to be smuggled out of the United States.  The defendant's own phone download has multiple messages indicating he intended the firearms to leave the country. (PSR ⁋24). In fact, he used this information as a recruiting tool, assuring potential buyers the guns would not be traced back to them because the guns were leaving the United States. (Id.) The enhancement is appropriately applied.

IV.     Conclusion

The PSR appropriately calculates the guideline range.  The evidence in this case supports each enhancement to which the defendant objects, as discussed above.  Therefore, the government respectfully requests this Court to adopt the guideline calculations as set out in the PSR without modification.

Respectfully submitted this 3rd day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
*s/ Julie A. Sottosanti*
Assistant U.S. Attorney

- 4 -

Copy of the foregoing served electronically or by
Other means this 3rd day of February, 2026, to:

All ECF Participants