TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | 24-CR-05616-RM-2 |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Ismael Higuera-Avalos, | |
| Defendant. | |

The United States of America respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is scheduled for February 19, 2026, before the Honorable U.S. District Court Judge Rosemary Marquez. The United States agrees with the calculations contained in the Presentence Report (PSR) and recommends a sentence of between 37-46 months incarceration.

The PSR accurately calculates the defendant's total offense level at 32, accounting for enhancements pursuant to USSG §2K2.1(b)(1)(B)[1], USSG §2K2.1(b)(5)(A)[2], USSG

---

[1] Firearm capable of accepting large capacity magazine

[2] Number of firearms

§2K2.1(b)(5)(A)[3], USSG §(b)(1)(c)[4] and USSG §2K2.1(b)(6)(A)[5]. (PSR ¶¶ 55-66). The defendant falls into criminal history category I, and his resulting guideline range is 121-151 months incarceration. (PSR p.21). The plea agreement provides the defendant will not receive a sentence higher than the 121-month low end of the guideline range. (PSR ¶ 114).

The PSR recommends a substantial variance down to 36 months incarceration. The government agrees that some variance is warranted and recommends a sentence at a level 21 range of between 37-46 months incarceration.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentenced imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

To the defendant's credit, he has no criminal history. However, the nature of the defendant's criminal acts cannot be ignored. The defendant purchased a large number of firearms for a gun trafficking conspiracy. It is apparent based on the amount of known purchases as well as the large number of empty rifle boxes located in stash houses that this organization was responsible for trafficking a substantial number of weapons to Mexico. (PSR ¶ 17, 25, 32, 37, 39, 40). This is a serious offense. Many of these firearms almost certainly have been used to arm drug cartels. The nature of this offense escalates crime, risks lives, and is a danger to communities in both the United States and Mexico.

In addition, this was not a one-time offense. The defendant was involved in at least

---

[3] Conviction under 18 USC § 933(a)(3)

[4] Between 25 and 99 firearms

[5] Knowledge firearms would be transported out of the United States

29 straw purchases of firearms as part of his role in the conspiracy. (PSR ¶43). He knew these firearms were being trafficked into Mexico for illicit purposes. (*Id*; PSR ¶24). In addition, the defendant was involved in the recruiting efforts of the organization. (*Id*).

Based on the specifics of this crime and the defendant's history and characteristics, the government recommends that the defendant be sentenced at the Level 21 offense range of 37-46 months. Co-defendant Bell received 18 months incarceration for this case. However, Bell only purchased 15 firearms for the organization, whereas this defendant purchased 29. In addition, this defendant organized the gun show event, transported others to make purchases, and was in close contact with organization leader Avalos (his cousin). Therefore, there is no disparity in sentencing between the two should this Court follow the government's recommendation. This range reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

Respectfully submitted this 13th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Julie A. Sottosanti*
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
Other means this 13th day of February, 2026, to:

All ECF Participants